UNITED STATES of America, Plaintiff-Appellee,

v.

James Richard CLECKLER, Defendant-Appellant.

No. 78–5147

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1978.

---

*Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Scott Q. Kirkland, Montgomery, Ala., for defendant-appellant.

Barry E. Teague, U. S. Atty., David L. Allred, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Defendant James Richard Cleckler, convicted of unlawful and knowing possession of an unregistered firearm [26 U.S.C.A. § 5861(d)], attacks the validity of the search of his residence because the affidavit supporting the warrant (1) did not set forth the time when the informer saw the homemade bomb described in the warrant, (2) used the past tense in describing the informer's observations, (3) described only an isolated offense, and (4) failed to properly support the need for timeliness. The homemade bomb sought was not found, but the illegal gun was.

Reading the affidavit in a realistic and commonsense manner, *United States v. Maestas,* 546 F.2d 1177, 1180 (5th Cir. 1977), the affidavit supports the finding of probable cause necessary to validate the warrant. *See United States v. Guinn,* 454 F.2d 29 (5th Cir.), *cert. denied,* 407 U.S. 911, 92 S.Ct. 2437, 32 L.Ed.2d 685 (1972).

The affidavit states that within the last 24 hours affiant received confidential information that "said Informer has seen with his own eyes a homemade bomb made with four sticks of dynamite taped together around an alarm clock with four wires connected to said clock," and that the device "is" hidden in a closet of Cleckler's residence. The clear inference to be drawn from the affidavit is that the information is recent, so that the exact time the informer saw the article is unimportant in context. The affidavit went on to state that such device is dangerous and "may easily be used to create an explosion or to set a fire as some of the arson cases which are under investigation appear that they may have been started by a type of explosion." These facts support affiant's statement that there is need for an immediate search.

All defendant's objections to the affidavit are technical and without sufficient merit to overcome the legal principles which require only a showing of probability of criminal activity, *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and admonish that doubtful or marginal cases "should be largely determined by the preference to be accorded to warrants." *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965). *See also, Franks v. Delaware,* —— U.S. ——, ——, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978).

AFFIRMED.